(119 So. 28)

No. 29060.

Succession of MELANCON.

Nov. 26, 1928.

Lionel J. Bourgeois, of New Orleans, and Charles T. Wortham, of Donaldsonville, for appellants.

P. M. Lambremont and Guion & Upton, all of New Orleans, for appellee Elina Courreges Bertaut.

ST. PAUL, J. This is a suit for partition and settlement of a community between the surviving husband (remarried) and the four children of the marriage. Since the filing of the suit, and after giving his testimony therein, the father died testate, leaving one-third of his estate to his second wife and appointing his daughter, Mrs. Anabel Schexnaydre, his executrix.

### I.

The only matters presently involved are claims advanced by the father against his three sons, Clarence J. Bertaut, Edgar F. Bertaut, Jr., and Fred M. Bertaut. There was judgment below allowing these claims, and the three sons have appealed.

### II.

The claims arise out of transactions occurring before the death of the mother, who died July 29, 1923, but after the sons had become of age. They were advanced by the father

for the first time in response to the claim of his children for a settlement of their mother's estate after the remarriage of their father; that is to say, the claims were advanced for the first time on October 21, 1925, although the account against Fred M. Bertaut begins as far back as October, 1912, that against E. F. Bertaut, Jr., as far back as July, 1914, and that against Clarence J. Bertaut as far back as May, 1916.

### III.

The claim against Clarence J. Bertaut is for $1,214.50, being one-half of $2,429 advanced to him in small cash sums from May, 1916, to November, 1920.

The claim against E. F. Bertaut, Jr., is for $715.83, being one-half of $1,431.66 advanced him partly in cash and partly in bills paid for furniture and for life insurance premiums, from July, 1914, to January, 1923.

The claim against Fred M. Bertaut is for $2,665.71, and is in two parts: (1) There is a claim for $1,292.30, being one-half of $2,584.61 ($837.89 and $1,746.72) advanced him partly in cash, partly in groceries and supplies, and partly in bills paid for sundry accounts and life insurance premiums, from October, 1912, to July, 1923; and (2) there is a claim for $1,373.41, being for one-fourth (one-half of one-half) of the losses incurred in a rice planting adventure in 1920 and 1921, amounting to $5,493.64.

### IV.

As to the rice transaction the father testifies that it was agreed that he and his son (Fred M.) were to share the losses equally as also the gains. The son testifies that such was not the understanding, but that the father was to furnish and risk the capital advanced, whilst he, the son, was to risk only his time and labor. If there was a profit, the parties would share it; if there were no profit, the father would lose his advances and the son lose his time and labor.

We think the son is corroborated by the fact that his version of the contract is the only one that accords with the relative position of the parties. The father had money to risk and the son had none, or practically none, but only his time and labor, and it is not logical to suppose that the father intended to look to his impecunious, or practically impecunious, son for the reimbursement of any losses incurred. And moreover to have charged the son with half the money loss as well as the loss of his time and labor would have made his loss nearly double that of his father, since his time and labor were worth to him at least $2,400 (24 months at $100) during that time, as shown by his undisputed testimony.

We further think the son corroborated by the fact that his father never claimed from him any part of the losses during the four years which elapsed after the close of the last crop year and the date of filing this claim.

He is further corroborated by the fact that his father owed him $1,000 borrowed money and paid him $500 on account, acknowledging at the time, in the presence of one Ferro, that he still owed him a balance of $500, and making no claim that the son was indebted to him in any sum whatsoever.

We think the claim for this item should have been rejected.

### V.

We think the other three claims should also be rejected.

A careful consideration of the evidence convinces us that the amounts advanced by the father to his children were in the nature of gifts; the sons testified, and it is admitted by the father, that he never at any time made any claim against his sons for these advances until the present claim was made in court. The sons testify that they never supposed

that they would be called upon to return said amounts, or that they were anything but voluntary advances made to them by their father, who never made any claims against them or informed them that they were in debt to him or of the amount of their indebtedness, and that during the time these advances were being made, and afterwards, they themselves were rendering valuable services to their father without pay, and without expectation of pay, in the belief that their father was not holding as debts against them the sums which he was advancing and had advanced to them during this long course of years.

Our conclusion is that these advances by the father to his sons were not made in the expectation that they would be repaid, and were therefore gifts, and that the present claim is a mere afterthought growing out of the claim made by the children for a settlement of their mother's estate after the remarriage of their father.

### VI.

Considering these findings, the account of the partition must be recast as follows:

| | |
|---|---:|
| Active mass of community | $21,073 00 |
| Passive mass | 912 84 |
| | |
| Net for distribution | $20,160 16 |

Which is composed as follows:

| | |
|---|---:|
| Cash in hands of notary | $ 3,727 68 |
| Retained by father (St. James) | 3,432 50 |
| Retained by father (Ascension) | 262 50 |
| Retained by four children (St. James) | 5,737 48 |
| Paid Guion & Lambremont (for father) | 500 00 |
| Paid executrix of father | 3,500 00 |
| Paid four children ($750 each) | 3,000 00 |
| | |
| Total | $20,160 16 |

And is to be distributed as follows:

| | |
|---|---:|
| Share of father | $10,080 08 |
| Share of four children ($2,520.02 each) | 10,080 08 |
| | |
| Total | $20,160 16 |

Which distribution is to be made in the following manner, to wit:

| | | | |
|---|---|---:|---:|
| (A) | Share of E. F. Bertaut, Sr.: | | $10,080 08 |
| | Less retained (St. James) | $3,432 50 | |
| | Less retained (Ascension) | 262 50 | |
| | Less due four children | 538 25 | |
| | Less due F. M. Bertaut | 500 00 | |
| | Less paid Guion & Lambremont | 500 00 | |
| | Less paid his executrix | 3,500 00 | |
| | | | |
| | Total deduction | $8,733 25 | 8,733 25 |
| | | | |
| | Balance due him | | $ 1,346 83 |
| (B) | Share of F. M. Bertaut: | | $ 2,520 02 |
| | Plus due him by father | | 500 00 |
| | Plus due him (¼ of $538.25) | | 134 56 |
| | | | |
| | Total | | $ 3,154 58 |
| | Less retained (¼ of St. James) | $1,434 37 | |
| | Less cash received (¼ of $3,000) | 750 00 | |
| | | | |
| | Total deduction | $2,184 37 | $ 2,184 37 |
| | | | |
| | Balance due him | | $ 970 21 |
| (C) | Share of E. F. Bertaut, Jr.: | | $ 2,520 02 |
| | Plus due him by father | | 134 56 |
| | | | |
| | Total | | $ 2,654 58 |
| | Less retained (St. James) | $1,434 37 | |
| | Less cash received | 750 00 | |
| | | | |
| | Total deductions | $2,184 37 | $ 2,184 37 |
| | | | |
| | Balance due him | | $ 470 21 |
| (D) | Balance due Clarence J. Bertaut: Same as due E. F. Bertaut, Jr., | | $ 470 21 |
| (E) | Balance due Anabel Schexnaydre: Same as due E. F. Bertaut, Jr. | | $ 470 21 |

#### Recapitulation

| | |
|---|---:|
| Due estate Bertaut, Sr. | $ 1,346 83 |
| Due F. M. Bertaut | 970 21 |
| Due E. F. Bertaut, Jr. | 470 21 |
| Due Clarence J. Bertaut | 470 21 |
| Due Anabel Schexnaydre | 470 21 |
| | |
| Balance in hands of notary | $ 3,727 67 |

#### Decree.

The judgment appealed from is therefore reversed, and it is now ordered that the notary recast his proposed distribution of $20,160.16 to accord with the foregoing; and accordingly that he distribute the balance of $3,727.67 still in his hands as follows, to wit:

To executrix of E. F. Bertaut, Sr............ $1,346 83
To Fred M. Bertaut............................ 970 21
To E. F. Bertaut, Jr........................... 470 21
To Clarence J. Bertaut........................ 470 21
To Mrs. Anabel Schexnaydre................. 470 21

    Total ..................................... $3,727 67

It is further ordered that the costs of these proceedings be paid as follows: One-half by the estate of E. F. Bertaut, Sr., and one-eighth by each of the other four parties above named.